# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**ANDERSON ALEXANDER,**                                            **PETITIONER**
Reg. #08919-043

**VS.**            **CASE NO. 2:13CV00098 BSM/BD**

**ANTHONY HAYNES, Warden**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                  **RESPONDENT**

## RECOMMENDED DISPOSITION

**I**. **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding believed to be incorrect and must describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail all objections to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II. Background

On May 9, 2006, Petitioner Anderson Alexander pleaded guilty in the United States District Court for the Southern District of Mississippi to one count of possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922(g)(1). *Alexander v. United States*, No. 3:06cr434, 2007 WL 142181, *1 (S.D.Miss. Jan. 16, 2007). On July 21, 2006, the District Judge sentenced Mr. Alexander to a 180-month term in federal prison, to be followed by three years of supervised release. *Id*.

Mr. Alexander filed a motion to vacate, set aside, or correct his sentence with the sentencing court under 28 U.S.C. § 2255. In the motion, he claimed: (1) his sentence under 18 U.S.C. § 924(e) was unconstitutional; and (2) his counsel was ineffective for failing to file a notice of appeal in the underlying criminal case as he had requested. *Id*.

On January 16, 2007, the court entered an opinion and order denying Mr. Alexander's motion to vacate and entered a final judgment dismissing the case with prejudice. *Id*. The court found that Mr. Alexander had waived his right to assert a challenge to his sentence in the plea agreement, a type of waiver approved by the Fifth Circuit Court of Appeals. *Id*. at *2. The court also held that, even if Mr. Alexander had

not waived his right to challenge his sentence, the sentence was not unconstitutional because it did not exceed the statutory maximum authorized by the facts in the case. *Id*.

On the ineffective assistance of counsel claim, the court held that Mr. Alexander had clearly and unambiguously waived his right to appeal, and that his ineffective-assistance claim did not relate to the voluntariness of his waiver. Thus, the court found that Mr. Alexander's counsel was not unconstitutionally ineffective for not filing a notice of appeal. *Id*. at *3. The court denied Mr. Alexander's motion for reconsideration of the opinion and order on February 5, 2007.

On February 5, 2007, Mr. Alexander filed a "Motion for Traverse" with the sentencing court. *Alexander v. United States*, No. 3:06cr434, 2007 WL 642948, *1 (S.D.Miss. Mar. 2, 2007). In that motion, he raised two new claims: (1) he did not knowingly or voluntarily waive his right to appeal; and (2) his prior state convictions did not constitute felonies for federal sentencing purposes. *Id*. The court denied the motion, finding that it was an unauthorized successive petition under 28 U.S.C.§ 2255. *Id*.

Mr. Alexander filed a notice of appeal and motion for certificate of appealability with the Fifth Circuit Court of Appeals to challenge the denial of the motion to vacate. The Fifth Circuit denied the motion and dismissed the appeal. See *United States v. Alexander*, No. 07-60242 slip op. (5th Cir. Feb. 19, 2008).

On February 8, 2008, Mr. Alexander filed a motion for relief from final judgment with the sentencing court under Federal Rule of Civil Procedure 60(b), claiming that his

sentence, which was imposed under the enhancement provision of 18 U.S.C. § 924(e), was unconstitutional. The court denied the motion, finding that it was a successive attempt to seek post-conviction relief under 28 U.S.C. § 2255 without prior authorization from the appellate court. On October 3, 2008, the Fifth Circuit denied Mr. Alexander's request for a certificate of appealability and his motion to proceed *in forma pauperis*. *United States v. Alexander*, No. 08-60326 slip op. (5th Cir. Oct. 21, 2008).

On December 2, 2008, Mr. Alexander filed a motion for retroactive application of the sentencing guidelines to a crack cocaine offense under 18 U.S.C. § 3582, again arguing that his sentence under 18 U.S.C. § 924(e) was unconstitutional. In its opinion and order denying the motion, the District Court found that, even if the relevant amendments to the Sentencing Guidelines had been in place at the time Mr. Alexander was sentenced, there would have been no change in the guideline range. The Court went on to address Mr. Alexander's claim that his sentence was unconstitutional and again held that the claim was an unauthorized, successive petition under 28 U.S.C. § 2255.

Mr. Alexander filed a notice of appeal with the Fifth Circuit challenging the District Court's order denying the Rule 60(b) motion. On October 16, 2009, the Fifth Circuit entered a final judgment granting the appellee's motion for summary affirmance of the District Court's order denying the motion. See *United States v. Alexander*, No. 09-60054 slip op. (5th Cir. Oct. 16, 2009).

On November 25, 2009, Mr. Alexander filed a petition for writ of habeas corpus with this Court under 28 U.S.C. § 2241. *Alexander v. Outlaw*, 2:09CV00275 BSM (E.D.Ark. denied January 20, 2010). In the petition, he challenged his 2006 federal conviction and alleged that § 2255 provided an inadequate or ineffective remedy. The Court denied the petition on January 20, 2010.

On November 3, 2010. Mr. Alexander filed another §2255 petition to vacate with the sentencing court. *United States v. Alexander*, 3:06CR00034-01 WHB-JCS (S.D. Miss. denied Nov. 24, 2010). The sentencing court denied the petition as successive.

Mr. Alexander filed the instant petition under 28 U.S.C. § 2241. (Docket entry #1) He again challenges the same 2006 federal conviction. Because this petition is successive and does not meet the requirements of § 2255's "savings clause," this Court recommends that Judge Miller summarily dismiss the petition for a writ of habeas corpus for lack of jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

[1] Rule 4 provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although the Rules Governing Section 2254 Cases are directly applicable to habeas petitions filed by state prisoners under 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. See Rule 1(b) of the Rules Governing Section 2254 Cases; see also *White Horse v. United States*, 2009 WL 3769520 at *1 (D.Minn. Nov. 10, 2009); *Brown v. Missouri*, 2009 WL 962821 at *2 (E.D.Mo. April 8, 2009).

**III.    Jurisdiction**

In the pending petition (#1), Mr. Alexander unequivocally challenges his federal conviction.  This Court lacks jurisdiction to address this issue because, under the circumstances, this claim can be addressed only by the sentencing court.  28 U.S.C. § 2255.

Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct their sentence, under 28 U.S.C. § 2255 .  *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010)(citing *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147, 125 S.Ct. 2984 (2005)).  A habeas corpus petition under 28 U.S.C. § 2241, on the other hand, attacks the execution of a sentence or the manner in which the sentence is being carried out, and falls within the subject-matter jurisdiction of the court presiding in the judicial district where the prisoner is being held.  *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002).

A court cannot entertain a petition for habeas corpus under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective* to test the legality of his detention."  28 U.S.C. § 2255(e)(emphasis added).  This latter provision is generally referred to as § 2255's savings clause.

To qualify for the savings clause, a petitioner must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907 (citing *Abdullah*, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." *United States ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275 (2002). The fact that an individual is barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907. The § 2255 remedy is not inadequate or ineffective because the claim was previously raised in a § 2255 motion but rejected because the petitioner was denied leave to file a second or successive § 2255 petition or because a § 2255 petition was time-barred. *Id*.

In this petition, Mr. Alexander challenges his conviction based on recent decisions by the Supreme Court of the United States. (#1) He has not shown, however, that § 2255 is "inadequate or ineffective" so as to qualify for the statute's savings clause.

Mr. Alexander has acknowledged the "inadequate or ineffective" savings clause provision in 28 U.S.C. § 2255. (#1) He has not demonstrated, however, that a § 2255 motion would be inadequate or ineffective. Section 2255 specifically allows for an exception to the limitations period for newly recognized rights made retroactively applicable by the Supreme Court. 28 U.S.C. § 2255(f)(3). Section 2255 also contains a provision for filing a second or successive petition regarding a new rule of constitutional law, made retroactive for collateral review, by the Supreme court. 28 U.S.C. § 2255(h)(2)

Even if Mr. Alexander is denied permission to file a successive § 2255 motion, a § 2255 motion is not deemed inadequate or ineffective merely because the sentencing Court denies relief or because the petitioner was denied permission to file a second or successive petition. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)). Because Mr. Alexander cannot meet his burden to proceed under the § 2255 savings clause, this Court cannot entertain his petition under 28 U.S.C. § 2241.

## IV. Conclusion

The court in this judicial district lacks subject matter jurisdiction over Mr. Alexander's 28 U.S.C. § 2241 petition for writ of habeas corpus, and this Court recommends that Judge Miller dismiss the petition (#1), without prejudice.

DATED this 19th day of August, 2013.

_____
UNITED STATES MAGISTRATE JUDGE